UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

KURT ELLIS ELMS                                                                                    PLAINTIFF

v.                                         No. 4:18-CV-00110-KGB-BD

SOCIAL SECURITY ADMINISTRATION                                                DEFENDANT

## RECOMMENDED DISPOSITION

This Recommended Disposition ("Recommendation") has been sent to Judge Kristine Baker. Either party may file written objections to this Recommendation. Objections should be specific and should include the factual or legal basis for the objection. To be considered, objections must be received in the office of the Court Clerk within 14 days of this Recommendation. If no objections are filed, Judge Baker can adopt this Recommendation without independently reviewing the record. By not objecting, parties may also waive any right to appeal questions of fact.

I.      **Procedural History**

Kurt Elms applied for social security disability benefits with an amended alleged onset date of August 7, 2004. (R. at 33). After a hearing, the administrative law judge (ALJ) denied Mr. Elms's application. (R. at 24). The Appeals Council denied his request for review; thus, the ALJ's decision stands as the Commissioner's final decision. Mr. Elms filed this appeal requesting judicial review.

## II. The Commissioner's Decision

The ALJ found that Mr. Elms had engaged in substantial gainful activity between July 21, 2017 and October 27, 2017. She further found that during this stent, Mr. Elms was not "accommodated" and that this effort was not an unsuccessful work attempt. (R. at 11–12). Nevertheless, the ALJ found that there had been a continuous twelve-month period during which Mr. Elms had not engaged in substantial gainful activity. (R. at 12).

The ALJ found that Mr. Elms had the following severe impairments: posttraumatic stress disorder, history of asthma, remote traumatic brain injury, history of migraines, and knee and shoulder bursitis. (R. at 12). The ALJ found that Mr. Elms had the residual functional capacity (RFC) to perform medium work, except that he could only occasionally kneel and crouch; never crawl; only occasionally climb ramps, stairs, ladders, ropes, or scaffolds. He would have to avoid loud or very loud noise environments; could only occasionally reach overhead with his left upper extremity; and could tolerate no more than limited-to-occasional exposure to dust, fumes, smoke, or chemicals. He could understand, remember, and carry out more than simple instructions and tasks, but could not be required to carry out complex instructions or tasks. He could regulate emotions, control behavior, and maintain well-being in a work setting with those instructions or tasks; could learn and recall in a work setting with those instructions and tasks; could interact frequently with supervisors, occasionally with coworkers, but interactions with the public would have to be incidental to the work performed; and he would have to work with things rather than people. (R. at 14).

This RFC precluded Mr. Elms's past relevant work. (R. at 22). The ALJ took testimony from a vocational expert (VE), who testified that a person with Mr. Elms's age, education, work experience, and with the RFC assigned by the ALJ could perform jobs such as hospital housekeeper or food prep worker. (R. 23). The ALJ held, therefore, that Mr. Elms was not disabled. (R. at 24).

## III. Discussion

Mr. Elms argues that his impairments met listings 12.04 and 12.06; that the ALJ improperly weighed the opinions of mental health providers; that the ALJ failed to evaluate all of his impairments, and failed to consider them in combination; that the ALJ failed to evaluate the VA disability determination; and that the ALJ failed to properly consider whether his work was subsidized and whether it constituted substantial gainful activity. Because the ALJ failed to properly consider the VA determination and failed to properly consider whether Mr. Elms's work constituted substantial gainful activity, it is not necessary to reach his other points for reversal.

The task of the Court is to determine whether substantial evidence supports the Commissioner's findings. *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000). "Substantial evidence" in this context means, "enough that a reasonable mind would find it adequate to support the ALJ's decision." *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009) (citation omitted). In performing this analysis, the Court will not only look to evidence supporting the Commissioner's findings, but also evidence that detracts from the decision. *Milam v. Colvin*, 794 F.3d 978, 983 (8th Cir. 2015).

A. **Substantial Gainful Activity**

Mr. Elms worked at Toad Suck Harley Davidson beginning July 21, 2017, as a salesperson. (R. at 37–38, 189). He was terminated from his position on October 27, 2017, after the ALJ's hearing in this case. (R. at 275).

At the hearing, the ALJ questioned Mr. Elms intensely about his employment. (R. at 34–43). Mr. Elms attempted to offer testimony concerning special accommodations that he received at his job and about the likelihood that he would soon be terminated for failure to perform, but the ALJ repeatedly interrupted and argued with him. (R. at 38–42). In the decision, the ALJ found that Mr. Elms's job at Toad Suck Harley Davidson was substantial gainful activity because he worked eight hours per day, five days per week. (R. at 11–12). The ALJ did not consider the reasons for the termination nor the length of the employment. (R. at 11–12).

Mr. Elms's employment exceeded three months, but lasted less than six months. In defining an unsuccessful work attempt, the Social Security Administration (SSA) has ruled:

> If work lasted more than 3 months, it must have ended or have been reduced to the non-SGA level within 6 months due to the impairment or to the removal of special conditions (see below) related to the impairment that are essential to the further performance of work and:
>
> a. There must have been frequent absences due to the impairment; or
>
> b. The work must have been unsatisfactory due to the impairment; or

  c. The work must have been done during a period of temporary remission of the impairment; or

  d. The work must have been done under special conditions.

*Titles II & XVI: Determination of Substantial Gainful Activity If Substantial Work Activity Is Discontinued or Reduced-Unsuccessful Work Attempt*, SSR 84-25 (S.S.A. 1984). The SSA further notes that evidence from the worker alone is not sufficient and that "if impartial supporting evidence is not already a part of the claims file, confirmation with the employer is required." *Id.*

  According to testimony, Mr. Elms was not meeting sales requirements due to his inability to function in a crowd. (R. at 44). According to Mr. Elms's post-hearing statement, he was fired because he was not making enough sales. (R. at 275). Furthermore, Mr. Elms testified that the accommodations that his employer made for his PTSD related anxiety, specifically, allowing him to leave the sales floor when his anxiety affected him, resulted in his inability to make enough sales to keep his job. (R. at 37–38, 42, 44–45). Under these circumstances, the ALJ was required to get additional evidence from the employer. The ALJ's stated reasons for finding Mr. Elms's work to not be an unsuccessful work attempt are not reasons contemplated in SSR 84-25.

  The ALJ also neglected to consider whether Mr. Elms's work was subsidized as covered in 20 C.F.R § 404.1574(a)(2). The ALJ took no evidence as to how much Mr. Elms was paid versus the value of the accommodation made in allowing him to leave the sales floor as needed. As noted, the ALJ was seemingly unwilling to hear such testimony.

Mr. Elms's attorney attempted to examine him concerning the performance of his job, but the ALJ refused to hear it:

> ATTY: I think our time would be better spent asking him what he does. If this is an issue that you feel it's important to address, let's address it. And it is, I mean, in the regulations, too, it talks about in 12.00, it talks about if you're working, it's important that we consider how you're working and how you're doing. So, I'm prepared to ask about that. I think our time would be better spent that way.
>
> ALJ: No. I have to tell you this, woman, since I'm a Judge, I get to decide what time is better spent on what questions. And I'll ask the questions I want to ask and I'll run the hearing the way I'm going to run it. . .

(R. at 41). The ALJ's decision gave little to no consideration to these issues. The determination concerning whether Mr. Elms was engaged in substantial gainful activity should have taken into account not only his work hours, but also, whether they were subsidized or accommodated, and whether he was unsuccessful in his attempt at work due to his impairments. The Commissioner has offered no argument to explain why the ALJ failed to properly considered these questions.

### B. The VA Determination

The ALJ's error in failing to properly consider whether Mr. Elms engaged in substantial gainful activity might be considered harmless if substantial evidence on the record as a whole otherwise supported the finding that Mr. Elms was not disabled. However, the ALJ also failed to properly consider the Veteran's Administration's (VA) disability determination.

As Mr. Elms argues, the ALJ failed to evaluate the evidence from the VA. The ALJ discounted the VA evidence because "the VA did not reach the issue of whether the claimant was unemployable." (R. at 21). The ALJ did not otherwise consider the content of the decision. Even though "findings of disability by other federal agencies . . . are not binding on an ALJ, [they] are entitled to some weight and must be considered in the ALJ's decision." *Morrison v. Apfel*, 146 F.3d 625, 628 (8th Cir. 1998).

The Commissioner argues that the ALJ was not bound by the VA decision, which is true. But Mr. Elms does not argue that the ALJ should have adopted the VA decision. He simply notes that the ALJ was required to *consider* the decision and the evidence that supported that decision. In sum, the ALJ was required to give more consideration to the VA decision.

## IV. Recommended Disposition

The ALJ failed to properly consider whether Mr. Elms's employment was subsidized or constituted an unsuccessful work attempt; and she failed to properly consider the VA's disability determination. For these reasons, the decision is not supported by substantial evidence on the record as a whole. The decision, therefore, should be REVERSED and REMANDED with instructions to develop the record as necessary; to reconsider whether Mr. Elms's employment at Toad Suck Harley Davidson was subsidized or should be deemed an unsuccessful work attempt; and to fully and properly consider all the evidence of record.

Dated this 27th day of July, 2018.

_____
UNITED STATES MAGISTRATE JUDGE